**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAMON ELLIOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil  Action  No. 07-0341 (JDB)
                                        )
U.S. DEPARTMENT OF AGRICULTURE,         )
                                        )
            Defendant.                  )
_____     )

## DEFENDANT'S MOTION TO DISMISS

Defendant, the United States Department of Agriculture, by its undersigned attorneys,

respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

to dismiss plaintiff Damon Elliott's Complaint, on the ground that it fails to state a claim upon

which relief can be granted because it is duplicative of another action currently pending before

this Court.  In support of this motion, the Court is respectfully referred to Civil Action No. 07-

0202-JDB.  Filed contemporaneously with this Motion is a supporting Memorandum of Points

and Authorities, and a Proposed Order.

Plaintiff should take notice that any factual assertions contained in the attached

Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions therein.  *See* <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat defendant's Motion to Dismiss as a motion for

summary judgment, because of the  attached exhibits, the Federal Rules of Civil Procedure

provide:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see* <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

<div style="margin-left: 40%;">

Respectfully  submitted,


    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,         )
        )
       Plaintiff,    )
    v.      )    Civil Action No. 07-0341 (JDB)
        )
U.S. DEPARTMENT OF AGRICULTURE,    )
        )
       Defendant.    )
_____)

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the processing of a FOIA request by the United States Department of Agriculture ("USDA").

### STATEMENT OF FACTS

Plaintiff Damon Elliott is a federal inmate proceeding *pro se*, and is incarcerated at a United States Penitentiary in Coleman, Florida. By order dated February 12, 2007, this Court granted the plaintiff's motion to proceed *in forma pauperis*, and plaintiff filed Civil Action No. 07-0341-JDB. This judicial Complaint was stamped "Filed" on February 13, 2007, and the summons was issued on that date. The Complaint alleges that, by letter dated December 5, 2006, plaintiff submitted a FOIA request to the FOIA unit of the Agricultural Research Service ("ARS"), USDA, for a copy of the title to the land of the Beltsville Agricultural Research Center ("BARC"). BARC is operated by the ARS, USDA. *See* Complaint at ¶ 1 and attached Exhibit to Complaint (Letter from plaintiff dated December 5, 2006). Plaintiff's Complaint alleges that the search conducted by the USDA, in response to his December 5, 2006, FOIA request, was

inadequate; that the response was in error; and that plaintiff is treating the incomplete response as

a denial of his FOIA request and is seeking judicial review.  *See* Complaint at ¶ 3.  As a result,

Plaintiff seeks an order compelling Defendant to disclose a copy of the title of the BARC

property; demands a trial by jury; and also demands fees if he prevails.  *See* Complaint at ¶ 4.

Two weeks prior to the filing of this action, by order dated January 30, 2007, this Court

granted plaintiff's motion to proceed *in forma pauperis*, and plaintiff filed a nearly identical

complaint in this Court, regarding the same December 5, 2006, FOIA request.  *See* Damon Elliott

v. United States Department of Agriculture, Civil Action No. 07-0202 (JDB), presently before

this Court.  Exhibit 1, 07-0202.  This earlier complaint also alleges that the search conducted by

the USDA, in response to plaintiff's December 5, 2006, FOIA request, was incomplete, that

plaintiff is treating the USDA's response as a denial of plaintiff's FOIA request, and that plaintiff

is seeking judicial review.  Indeed, the only difference between the two complaints is that the

Complaint herein 1) adds the fact that the USDA responded to plaintiff's FOIA request on

December 18, 2006, in writing, that the FOIA request was being reviewed and that plaintiff

would receive a response as soon as the information was compiled.  Complaint ¶ 2;

and 2) adds the allegation that "the search conducted was not adequate, the [USDA's] response

was in error."  Complaint ¶ 3.  Otherwise, the two complaints complain about the identical FOIA

request – plaintiff's letter dated December 5, 2006 – and request identical relief: an order

compelling defendant to disclose a copy of the title of the BARC property; a demand for a trial

by jury; and a demand for fees if plaintiff prevails.  Complaint  ¶ 4; Exhibit 1, Civ. No. 07-0202,

at ¶ 3.

## BACKGROUND

In 1997, plaintiff was convicted of attempted aggravated sexual abuse and sentenced to a prison term of 189 months.  Between February 10, 2006 and February 13, 2007, plaintiff filed at least ten FOIA lawsuits against various federal agencies, including three lawsuits against the USDA. [1]  All ten of these lawsuits involve plaintiff's FOIA request for the title, blueprints or deed to the BARC property.  Apparently, plaintiff is trying to prove that the crime for which he was sentenced did not occur on federal land.  At least one of plaintiff's earlier FOIA lawsuits, Civ. No. 04-1113 (ESH), has been dismissed with prejudice.  In that case, the Court actually attached a copy of the confirmatory deed and plat for the BARC property to the Order that dismissed that case with prejudice.  Exhibit 2, Civ. No. 04-1113 (ESH), Copy of Order.

Given plaintiff's history of repetitively filing substantially the same FOIA lawsuits, the Court should dismiss this action as duplicative or, alternatively, as malicious, on the basis of the earlier pending action, Civ. No. 07-0202.

## ARGUMENT

## I.    STANDARD OF REVIEW FOR MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is

---

[1]    Civ. No. 06-0240 (JDB), Elliott v. USDA, filed on February 10, 2006; Civ. No. 06-1128 (JDB), Elliot v. U.S. Attorney General, filed on June 21, 2006; Civ. No. 06-1244 (JDB), Elliott v. FBI, filed on July 11, 2006, closed on December 21, 2006; Civ. No. 06-1246 (JDB), Elliott v. National Archives and Records Administration, filed July 11, 2006, closed December 21, 2006; Civ. No. 06-2134 (JDB), Elliott v. USPS, filed December 14, 2006; Civ. No. 07-0093 (JDB), Elliott v. U.S. Department of Justice, filed January 16, 2007, closed January 30, 2007; Civ. No. 07-0202 (JDB), Elliott v. USDA, filed January 30, 2007; Civ. No. 07-0204 (JDB), Elliott v. National Archives and Records Administration, filed January 30, 2007; Civ. No. 07-0205 (JDB), Elliott v. U.S. Department of Justice, filed January 30, 2007; Civ. No. 07-0341 (JDB), Elliott v. USDA, filed February 13, 2007.

appropriate where the "plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Browning v. Clinton, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court is to treat the complaint's factual allegations

as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S.

163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from

the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the

Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the

facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."

Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31,

2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C.

Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). In

deciding the motion, the court may consider additional evidence. See Arizmendi v. Lawson, 914

F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court

may properly look beyond the complaint to matters of public record including court files, records

and letters of official actions or decisions of government agencies and administrative bodies,

documents referenced and incorporated in the complaint and documents referenced in the

complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF AN ACTION CURRENTLY PENDING BEFORE THIS COURT.

It is well-settled that "a plaintiff has 'no right to maintain two separate actions involving

the same subject matter at the same time in the same court, and against the same defendant.'"

Zerilli v. Evening News Association, 628 F.2d 217, 222 (D.C. Cir. 1980) (affirming district

4

court's dismissal, pursuant to 12(b)(6), of duplicative case in the same district court).  Cf. First
City National Bank and Trust Co. v. Simmons, 878 F.2d 76 (2nd Cir. 1989) (affirming district
court's decision to decline to exercise jurisdiction and dismiss action pursuant to defendant's
Rule 12(b)(1) and 12(b)(2) motion to dismiss on the basis of the first-filed rule).  An action is
"duplicative" if it involves the same parties and the same controversy as another action.
Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953-954 (8th Cir.
2001).  The two actions do not need to be identical in order to be duplicative – a substantial
overlap of the content of each suit is sufficient.  Mann Manufacturing, Inc. v. Hortex, Inc., 439
F.2d 403, 407 (5th Cir. 1971).  See also Texas Instruments, Inc. v. Micron Semiconductor, Inc.,
815 F. Supp. 994, 997 (E.D. Tx. 1993) (to be duplicative, two actions need only involve closely
related questions or common subject matter).  The United States Court of Appeals for the District
of Columbia Circuit has noted that: "separate parallel proceedings have been long recognized as
a judicial inconvenience."  Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C.
Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir.
1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful
expenditure of energy and money incidental to separate litigation of identical issues should be
avoided").  The Court may, in its discretion, dismiss a claim that is also raised in another
proceeding.  Handy, 325 F.3d at 350-51.  See also West Gulf Maritime Assoc., 751 F.2d at 729
("a district court may dismiss an action where the issues presented can be resolved in an earlier-
filed action . . .").  Such dismissal may be sought through a Rule 12(b)(6) motion.  See Handy,
325 F.3d at 349 (defendant brought 12(b)(6) motion to dismiss duplicative action, arguing that
court should decline to exercise its jurisdiction in the interest of judicial efficiency).

Plaintiff's action in this matter is duplicative of the case currently pending in Civ. No. 07-0202.  Exhibit 1, Civ. No. 07-0202.  The two cases involve the same parties, the same causes of action, and seek the same relief.   Even the correspondence attached to plaintiff's Complaint, the December 5, 2006, FOIA request, is the very same correspondence relied upon by plaintiff in Civ. No. 07-0202.  Accordingly, dismissal of the case before this Court is appropriate, in favor of the earlier-filed matter.

**III.    PLAINTIFF'S ACTION CONSTITUTES MALICIOUS AND FRIVOLOUS LITIGATION, SINCE SIMILAR ALLEGATIONS BY PLAINTIFF ARE BEING LITIGATED IN AT LEAST ONE OTHER PENDING CIVIL CASE**

The Court may dismiss an action being prosecuted *in forma pauperis* that is "frivolous or malicious".  *See* 28 U.S.C. 1915(e).[2]  A prisoner's in forma pauperis action is "malicious,"  and therefore subject to dismissal, where the complaint duplicates allegations of another pending lawsuit by that prisoner. *See* Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).  A dismissal of this action as frivolous is appropriate and would be reviewable only for an abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1733-34 (1992).

In the instant action, plaintiff has filed duplicate civil actions *in forma pauperis*.  The actions involve identical claims against the identical defendant, involve the identical FOIA request, and request identical relief.  Accordingly, this Court should dismiss the instant action pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

---

[2]  Pursuant to 28 U.S.C. 1915, **Proceedings *in forma pauperis***:
(e)(2)(B)(i) the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious.

28 U.S.C. 1915(e)(2)(B)(i).

6

## CONCLUSION

The defendant has demonstrated that the plaintiff's FOIA complaint duplicates allegations in an action that is currently pending before this Court.  Accordingly, the Court should grant defendant's motion to dismiss this action.

Respectfully  submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss,

memorandum in support and exhibits were made by depositing a copy of it in the U.S. Mail, first

class postage prepaid, addressed to:


**DAMON ELLIOTT**
R31034-037
Coleman U.S. Penitentiary
Federal Correctional Complex
P.O. Box 1034
Coleman, FL 33521-0879


on this 22nd day of March, 2007.

<div style="margin-left:50%;">

/s Sherease Louis
_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

</div>

8

**FILED**

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT 31034-037
F.C.C. U.S.P.
P.O. Box 1034
COLEMAN, FL. 33521,
        Plaintiff,

                V.          Civil Action

UNITED STATES
DEPARTMENT OF AGRICULTURE
5601 SUNNY SIDE AVE.
MAIL STOP 5128
BELTSVILLE, MD. 20705-5128,
        Defendant.

CASE NUMBER  1:07CV00202

JUDGE: John D. Bates

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 01/30/2007

## JUDICIAL REVIEW COMPLAINT

Plaintiff exhausted his administrative
remedies under the F.O.I.A.

**RECEIVED**

111 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On December 5, 2006, plaintiff address-
ed a F.O.I.A. request to the defendant
for a copy of the title... see copy of
plaintiff F.O.I.A. request attached.

The time to respond to plaintiff
request has expired, and he treat the
incomplete response by the defendant
as a denial of his F.O.I.A. request
and seek judicial review.

Plaintiff request the Court to order
the defendant to disclose a copy of
the Title pursuant to Title 40 U.S.C.
§ 255, demand a trial by jury, and if
he prevail in his action, he is thus
entitle to fees that are provided for in
41 C.F.R. § 105-60 303 (e), and 5
U.S.C. § 552 (a)(4)(E).

Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Fl. 33521

Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Fl. 33521

December 5, 2006
RE: F.O.I.A. REQUEST

Dear U.S. Department of Agriculture:

TITLE 40 U.S.C. § 255 PROVIDES:

. . . "that acceptance by the Federal
Government of exclusive or concurrent
jurisdiction cannot be presumed but must
be demonstrated by filing a notice with
the Legislature of the State of Maryland
and the report of the Attorney General
of the United States that a perfect
title had been secured". . . over the
land of the Beltsville Agriculture
Research Center.

    The patron want to purchase
title, pursuant to this statute.

FILED

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 0202

Damon Elliott

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON E. ELLIOT,                    )
                                    )
            Plaintiff,              )
                                    )
       v.                           )      Civil Action No. 04-1113 (ESH)
                                    )
UNITED STATES                       )
DEPARTMENT OF JUSTICE,              )
                                    )
            Defendant.              )

## ORDER

    Plaintiff brought this action pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552. Defendant has filed a motion to dismiss or, in the alternative, for summary

judgment on the ground that the case is moot. The parties agree that only one document is in

dispute, a "confirmatory deed" introduced as an exhibit at plaintiff's criminal trial. Defendant

has presented evidence that on September 14, 2004, the Executive Office for United States

Attorneys ("EOUSA") sent the document to plaintiff. See Def.'s Mtn, Exhibit A, Declaration

of Mary Beth Uitti, ¶ 12, Exhibit J.

    Plaintiff apparently never received a copy of the requested document. Therefore, the

Court will attach a copy of the document to this Order and mail it to plaintiff. Accordingly,

since there are no matters in dispute, it is

    ORDERED that defendant's motion to dismiss or, in the alternative, for summary

judgment is GRANTED. The case will be DISMISSED WITH PREJUDICE.

                                                 *Ellen S. Huvelle*
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

DATE: 11/23/04



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

| | | | |
|---|---|---|---|
| Requester: | **Damon Elliott** | Request Number: | **04-1956** |
| Subject of Request: | **Self (confirmatory deed)** | | |

Dear Mr. Elliott:                                                                        SEP 1 4 2004

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    **Although not required under FOIA, we contacted USDA, Beltsville Agricultural Center. They were able to supply a copy of the confirmatory deed and plat which was the subject of testimony at trial. The enclosed five pages constitute a full release of the documents you requested.**

    You may appeal this determination by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530

    This is the final action this office will take concerning your request.

Sincerely,

*Marie A. O'Rourke/MBU*

Marie A. O'Rourke
Assistant Director

Enclosures
cc: AUSA Andrea McBarnette

No. 021A - no fee - 2/04



07/15/2004 12:46 FAX                                                    ☒002/008

485/ 449

CLERK OF THE
CIRCUIT COURT

Oct 26  12 01 PM '94

176-021.
11294wmh
sed

#93257
NO TITLE EXAMINATION
NO CONSIDERATION

CONFIRMATORY
D E E D

THIS DEED is made this 21st day of _____June_____, 1994 from THE UNITED STATES OF AMERICA ("Grantor") to THE UNITED STATES OF AMERICA ("Grantee").

WHEREAS the Grantor has acquired several tracts of land in the First, Fourteenth and Twenty-First Election Districts, Prince George's County, Maryland, by many deeds recorded in the Land Records of Prince George's County, Maryland and listed in the legal description attached to this Deed as Exhibit "A";

WHEREAS, the Grantor has decided to determine just how much land it has acquired by these deeds and in that regard has had these several tracts of land surveyed by a private survey company, which company has then prepared a current legal description of these several tracts which appears as Exhibit "A" to this deed and which company has then prepared a current survey of these several tracts, a reduced version of which now appears as Exhibit "B" to this deed; and

WHEREAS, the Grantor now wishes to execute, deliver and record this deed, using this new legal description and survey as Exhibit "A" and Exhibit "B", respectively, so as to confirm in Grantee a complete and current conveyance and description of all lands acquired by Grantor.

07/15/2004 12:46 FAX                          785/.450                    ☑ 003/006

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are acknowledged, and intending to be legally bound here-by, Grantor does hereby warrant that the above recitals are true and correct, and Grantor does grant, convey and confirm unto Grantee, Grantee's successors and assigns, subject to any outstanding rights in third parties, in fee simple all that piece or parcel of ground situate, lying and being in Prince George's County, Maryland, and being described on Exhibit "A" (consisting of 44 pages) and being depicted on Exhibit "B" (consisting of 98 pages).

TOGETHER WITH the building and improvements thereon, erected, made or being; and all and every, the rights, alleys, ways, waters, easements, privileges, appurtenances, and advantages, to the same belonging or in anywise appertaining and all the estate, title, right, interest and claim, either at law or in equity, or otherwise, however, of the Grantor of, in, to or out of the said land and premises, and all right, title and interest of the Grantor in and to the land lying in the bed of any street, road or highway (open or proposed) in front of, adjoining or servicing the above-described real property, including condemnation awards or payments in lieu thereof as a result of a change of grade, alignment or access rights.

976-001
011294·mh
eed

2



788/. 451

TO HAVE AND TO HOLD said parcels of land and premises above described or mentioned, and hereby intended to be confirmed, together with the rights, privileges, appurtenances and advantages thereto belonging or appertaining onto and to the only proper use and benefit forever of Grantee, Grantee's successors and assigns, in fee simple.

AND by Grantor's signature hereunder, Grantor hereby certifies and makes affidavit under the penalties of perjury that the actual consideration paid or to be paid for the aforegoing conveyance, including the amount of any mortgage or deed of trust assumed by the Grantee, is the sum total of NO CONSIDERATION.

IN WITNESS WHEREOF, the Grantor has caused this Deed to be executed as of the day and year first above written.

ATTEST:                                    THE UNITED STATES OF AMERICA

_____          By: _E.E. Finney, Jr._
                                      E.E. Finney, Jr.
                                      Acting Administrator
                                      Agricultural Research Service

176-001
11294wmh
sed

3



07/15/2004 12:47 FAX                          9857. 452                          ☑ 005/006

* * *

STATE OF  Maryland                *
                                  *   to wit:
COUNTY OF  Howard                 *

I HEREBY CERTIFY THAT on this 21stday of __June__, 1994, before me, the undersigned officer, personally appeared R.E. FINNEY, JR. known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument as Acting Administrator, Agricultural Research Service, United States of America, and acknowledged that they executed the same, for the purposes therein contained, in his capacity as aforesaid.

IN WITNESS WHEREOF, I hereunto set my hand and seal.

                                                    _____
                                                    Notary Public

My Commission Expires: __December 3, 1995__

[NOTARIAL SEAL]

THIS IS TO CERTIFY that the within instrument was prepared under the supervision of the undersigned, an attorney duly admitted to practice before the Court of Appeals of Maryland.

                                                    _____
                                                    William M. Hoffman, Jr.

176-001
I11294wmh
ued

4





**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DAMON ELLIOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil  Action  No. 07-0341 (JDB) |
| | ) | |
| **U.S. DEPARTMENT OF AGRICULTURE,** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Plaintiff, a federal inmate proceeding *pro se*, filed this action pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Department of Agriculture

("USDA") on February 13, 2007.  Plaintiff filed an almost identical complaint against the USDA

on January 30, 2007, Civil Action No. 07-0202.  Defendant has filed a motion to dismiss.

UPON CONSIDERATION of ***Defendant's Motion to Dismiss***, any opposition thereto,

and the record in Civ. No. 07-0202, and the Court having found that the present matter raises the

same factual and legal issues, and requests the same relief, as the pending Civ. No. 07-0202, it is

**ORDERED**, that the Motion to Dismiss is hereby **GRANTED**; and it is

**FURTHER ORDERED**, that the Complaint in this matter is **DISMISSED WITH**

**PREJUDICE**.

_____          _____
DATE                                                    JOHN D. BATES
                                                             UNITED STATES DISTRICT JUDGE

<u>Copies of this order to:</u>
**DAMON ELLIOTT**, R31034-037
Coleman U.S. Penitentiary
Federal Correctional Complex
P.O. Box 1034
Coleman, FL 33521-0879