UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-0341 (JDB) |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO TREAT MOTION TO DISMISS
AS CONCEDED AND MEMORANDUM IN SUPPORT THEREOF**

The Defendant, through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Local Civil Rule 7(b), to treat as conceded Defendant's Motion to Dismiss, filed in this case on March 22, 2007. Plaintiff has failed to file an opposition in the 102 calendar days that have elapsed since Defendant filed its Motion to Dismiss. Further, Plaintiff's extension of time to file an opposition has long since expired, and Plaintiff has failed to seek a further extension, and failed to demonstrate that his failure to file an opposition is due to inadvertent delay or excusable neglect.

BACKGROUND

Plaintiff commenced this action on February 13, 2007, after his motion to proceed *in forma pauperis* was granted. On March 22, 2007, Defendant filed a Motion to Dismiss the Complaint pursuant to 28 U.S.C. 1915(e)(2)(B)(i), on the ground that the Complaint is duplicative of an action currently pending before this Court. The duplicative action, Civ. No. 07-0202 (JDB), concerns the same FOIA request and the same parties as this action. *See Zerelli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980). On April 12, 2007, Plaintiff filed a Reply to Defendant's Motion to Dismiss, alleging that 1) he had not been served with the

exhibits attached to Defendant's Motion to Dismiss, and 2) he had not been served with a copy of the Court's March 22, 2007, Order directing Plaintiff to respond to Defendant's Motion to Dismiss. Based on Plaintiff's representations to this Court, the Court ordered Defendant to mail copies of Defendant's Motion Dismiss, exhibits, and the Court's March 22, 2007, Order to Plaintiff, and extended Plaintiff's deadline to file an opposition through May 4, 2007. Defendant mailed the documents to Plaintiff on April 20, 2007. *See* Dkt. 14. To date, Plaintiff has not sought a further extension and has not filed an opposition to Defendant's motion. Thus, Plaintiff has essentially conceded that his Complaint is duplicative, frivolous, and worthy of dismissal under 28 U.S.C. § 1915 (e)(2)(B)(i). *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

## ARGUMENT

**I.      The Plaintiff Has Failed to Defend or Advance His Claims**.

The Local Rules for this Court require an opposing party to "serve and file a memorandum of points and authorities in opposition" to a motion "within 11 days of the date of service or at such other time as the Court may direct." Local Civil Rule 7(b). "If the opposing party fails to do so, the court may treat the motion as conceded." *See Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002), *citing Giraldo v. Dept. of Justice*, 2002 WL 1461787, at 1 (D.C. Cir. July 8, 2002); *accord*, *Glovinsky v. Cohen*, 983 F. Supp. 1, 2 (D.D.C. 1997) (appeals court upheld trial court's refusal to consider untimely opposition to dispositive motion as proper exercise of discretion); *Fed. Dep. Ins. Corp. v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (appeals court upheld district court's refusal to consider late filed opposition to motion for summary judgment as proper exercise of discretion); *Burt v. Barry*, 962 F. Supp. 185, 189

(D.D.C. 1997) (opposition to motion to dismiss filed on the day of argument, three weeks late, could properly be treated as conceded by the court).

Initially, the Court extended Plaintiff's time to file an opposition through May 4, 2007, a total of 43 days after Defendant's Motion to Dismiss was filed. To date, 102 calendar days have elapsed since Defendant filed its Motion to Dismiss, and Plaintiff has failed to file an opposition. By neither opposing Defendant's Motion to Dismiss within the extended time period permitted by the Court, nor seeking a further extension, the Plaintiff has failed to defend or advance his claims and in essence has conceded his case. Consequently, the Complaint should be dismissed.

**II.     The Plaintiff Has Not Demonstrated That His Failure to File An Opposition is Due to Excusable Neglect.**

Under the Federal Rules, a court may enlarge the time period to *i.e.,* oppose a motion to dismiss if 1) a request for an enlargement of time is made prior to the expiration of the time to respond or 2) after expiration of the time to respond "where the failure to act was the result of excusable neglect." Fed. Rule Civ. P. 6(b). Here, Plaintiff has offered no reason for his failure to file an opposition, nor has Plaintiff otherwise even attempted to demonstrate that his failure to file an opposition is due to excusable neglect. "A party who fails to file a timely response 'is deemed to have waived his opposition to the motion.'" *Stephenson v. Cox,* 223 F.Supp.2d 119, 121 (D.D.C. 2002), *citing Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C.Cir. 1989); *see also Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C.Cir. 1997)(district court did not abuse its discretion in treating motion for summary judgment as conceded where opposition was filed untimely); *Pioneer Inv. Services Co. V. Brunswick Associates Ltd.*, 507 U.S. 380 (1993) (comparing standards for excusable neglect under the federal civil rules and bankruptcy rules).

Thus, this Court undoubtedly has the authority to dismiss an action here where Defendant's Motion to Dismiss has gone uncontested by Plaintiff for a total of 102 calendar days, far beyond the initial extension of time that was granted by the Court. Accordingly, as 102 calendar days have elapsed since Defendant filed its Motion to Dismiss, and Plaintiff has failed to seek any further extensions, failed to file an opposition, and failed to demonstrate inadvertent delay or excusable neglect in failing to file an opposition, the Court should treat Defendant's Motion to Dismiss as conceded and dismiss the Complaint.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court treat Defendant's Motion to Dismiss as conceded by the Plaintiff and dismiss the Complaint.

Dated this 2nd day of July, 2007.

                                        Respectfully submitted,

                                           Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                           Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                          s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895
sherease.louis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Motion to Treat Motion to Dismiss as Conceded, Memorandum in Support, and Proposed Order were made by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

**DAMON ELLIOTT**
R31034-037
Coleman U.S. Penitentiary
Federal Correctional Complex
P.O. Box 1034
Coleman, FL 33521-0879

on this 2nd day of July, 2007.

/s Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 07-0341 (JDB) |
| ) | |
| **U.S. DEPARTMENT OF AGRICULTURE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**UPON CONSIDERATION** of *Defendant's Motion to Treat Motion to Dismiss as Conceded*, and the entire record herein, for good cause shown, it is by the Court,

**ORDERED** that the Defendant's motion should be and is hereby granted.

_____                    _____
DATE                                                         JOHN D. BATES
                                                                    UNITED STATES DISTRICT JUDGE


Copies of this order to:

**DAMON ELLIOTT**, R31034-037
Coleman U.S. Penitentiary
Federal Correctional Complex
P.O. Box 1034
Coleman, FL 33521-0879